IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:02cr31-RH

CALVIN TYRONE JACKSON,

     Defendant.

_____/

ORDER SETTING PROCEDURES ON THE MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE

     The defendant Calvin Tyrone Jackson pleaded guilty and was sentenced. The sentence included a term in the Bureau of Prisons followed by an eight-year term of supervised release. Mr. Jackson has served his prison term and part of his term of supervised release. He has moved for early termination of supervised release.

     The eight-year term of supervision was imposed because Congress required a minimum term of this length for Mr. Jackson's offense of conviction. But Congress also provided that the required term of supervised release, like any other term of supervised release, may be terminated not just in the last year of the term but at any time after the first year. *See* 18 U.S.C. § 3583(e)(1). The termination

decision rests with the district court. The court may terminate supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." For a court's guidance in applying this standard, the Judicial Conference of the United States has adopted Monograph 109.

Sometimes a defendant should serve all or nearly all of a term of supervised release. Sometimes—when warranted by the defendant's conduct and the interest of justice—a term should end early. So that early termination may be properly considered,

IT IS ORDERED:

1. The probation officer must provide a memorandum to the court (referred to in this order as the "fact memorandum") setting out the date when the defendant's supervised release began and is scheduled to end, addressing the early termination criteria in Monograph 109, and setting out any additional information the officer deems appropriate. The Monograph 109 analysis may be of any length the officer deems appropriate and thus may be as brief as a single sentence setting out the probation officer's overall conclusion for all of the Monograph 109 factors together. The officer must provide a copy of the fact memorandum to the parties.

2. The probation officer may include a recommendation in the fact memorandum served on the parties, or the officer may include a recommendation in a separate memorandum (referred to in this order as a "recommendation

memorandum") that will not be disclosed to the parties. No action adverse to a party will be taken based on factual information included in a recommendation memorandum without affording the party an opportunity to respond.

    3. The defendant may file a response to the fact memorandum within 14 days after it is served.

    4. The government may file a response to the motion for early termination and to the fact memorandum within 14 days after fact memorandum is served.

    SO ORDERED on October 16, 2016.

                            s/Robert L. Hinkle
                            United States District Judge